## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STEVEN CARINGELLO, individually
and on behalf all others similarly situated,

     Plaintiff,

vs.

FITNESS INTERNATIONAL, LLC,

     Defendant.

_____ /

Civil Action No. _____

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

Defendant Fitness International, LLC ("Defendant"), pursuant to 28 U.S.C. §§ 1441 and 1446, and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453, and with full reservation of rights and defenses, hereby removes the civil action styled *Steven Caringello v. Fitness International, LLC*, Case No. 2022-CA-000270-NC, pending in the Twelfth Judicial Circuit in and for Sarasota County, Florida ("State Court Action") to the United States District Court for the Middle District of Florida. As grounds for removal, Defendant states as follows:

## <u>BACKGROUND</u>

1.    On January 19, 2022, plaintiff Steven Caringello ("Plaintiff") filed a

putative class action complaint ("Complaint") against Defendant in the State Court Action.

2.    On February 1, 2022, Plaintiff served Defendant with a copy of the Complaint and summons in the State Court Action.

3.    On February 7, 2022, Plaintiff filed an amended putative class action complaint ("Amended Complaint") in the State Court Action.

4.    Plaintiff alleges Defendant sent him marketing text messages starting on December 6, 2021.  Am. Comp. ¶ 11.  Plaintiff claims after he responded "STOP" on December 7, 2021, he received another text message acknowledging his request and asking him to confirm his opt-out request.  *Id.* ¶ 13.  Plaintiff alleges he responded "STOP" again, yet Defendant continued sending him text messages.  *Id.* ¶¶ 13-14.

5.    Plaintiff alleges the text messages ended on January 19, 2022.  *Id.* ¶ 14. Plaintiff filed his initial Complaint the same day.

6.    The Amended Complaint alleges "Defendant's unsolicited calls caused Plaintiff to suffer injuries including annoyance and disruption to his daily life, as well as violation of Plaintiff's legal rights under the TCPA."  *Id.* ¶ 25.

7.    The Amended Complaint asserts a single count under the Telephone Consumer Protection Act, 47 U.S.C. § 227(c) ("TCPA") and 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and a putative nationwide class.  *Id.* ¶¶ 36-44.

AMERICAS 112460392

8.     As demonstrated below, removal is proper because Defendant satisfies

the procedural requirements for removal under 28 U.S.C. § 1446; this action falls

within the Court's "original jurisdiction" under 28 U.S.C. §§ 1331, 1332(d), and

1441; and venue is proper in this district.

## PROCEDURAL REQUIREMENTS

9.     In accordance with 28 U.S.C. § 1446(a) and Middle District of Florida

Local Rule 1.06(b), a copy of all process, pleadings, and orders served on Defendant

in the State Court Action and each paper docketed in the State Court Action is

attached to this Notice of Removal as **Composite Exhibit A**.

10.    In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is

timely, as Defendant filed it within 30 days after Defendant first received service of

the Complaint.

11.    In accordance with 28 U.S.C. § 1446(d), Defendant will promptly serve

on all counsel of record and file with the clerk of the court of the Circuit Court for

Sarasota County, Florida, a copy of this Notice of Removal and its accompanying

exhibits.

## BASIS FOR REMOVAL

12.    "To remove a case from a state court to a federal court, a defendant

must file in the federal forum a notice of removal 'containing a short and plain

statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co., LLC*

AMERICAS 112460392

*v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)).  "A statement 'short and plain' need not contain evidentiary submissions."  *Id.*

13.    Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

14.    Because an action under the TCPA undisputedly arises under the laws of the United States, this case is removable.  *See, e.g.*, *Gonzalez v. TCR Sports Broad. Holding, LLP*, 2018 U.S. Dist. LEXIS 153705, at *5-6 (S.D. Fla. Sept. 10, 2018) (denying motion to remand TCPA action because the "claims in this action are entirely based on federal statute, and Defendant here plausibly alleged federal question jurisdiction in its notice of removal").

15.    Removal is also proper under CAFA, which provides a class action may be removed to federal court if "(1) any members of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant; (2) the aggregate amount in controversy exceeds $5 million; and (3) the proposed plaintiff class contains at least 100 members."  *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)-(6)).

AMERICAS 112460392

16.    Congress enacted CAFA to expand federal court jurisdiction over proposed class actions.  *See Dart Cherokee*, 135 S. Ct. at 554 (citing S. Rep. No. 109-14, at *43, *as reprinted in* 2005 U.S.C.C.A.N. 3, *41, 109 S. Rpt. 14).  The Supreme Court in *Dart Cherokee* made clear that, unlike other statutes of removal, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.*

17.    This Court may "make reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the jurisdictional requirements for removal are met.  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

18.    As explained more fully below, this action satisfies each requirement of section 1332(d)(2) for original CAFA jurisdiction.

## This Is a Covered Class Action

19.    According to the Amended Complaint, Plaintiff brings this action individually "and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3)."  Am. Comp. ¶ 26.

20.    As a result, this action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure."  28 U.S.C

AMERICAS 112460392

§ 1332(d)(1)(B); 28 U.S.C. § 1453(a).

## There Are More than 100 Putative Class Members

21.    Plaintiff alleges "the Class members number in the several thousands, if not more." Am. Compl. ¶ 27.  Accordingly, the Amended Complaint itself alleges the proposed class includes in excess of 100 members.   *See* 28 U.S.C. § 1332(d)(5)(B).

## Minimal Diversity of Citizenship Exists

22.    "To determine whether minimal diversity exists, courts consider the citizenship of all the class members (including putative), both named and unnamed." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citing 28 U.S.C. § 1332(d)(1)(D)).

23.    According to the Amended Complaint, Plaintiff is a citizen of Florida (Am. Compl. ¶ 5) and he seeks to represent a nationwide "Class" comprised of "[a]ll persons within the United States." *Id.* ¶ 26.

24.    Defendant is a California limited liability company formed under the laws of the State of California with its principal place of business in California. Defendant has five members: (1) LAF, Inc.; (2) The Seidler Company, LLC; (3) Seidler Fitness Holdings II, LP; (4) SP LAF Buyer LLC; and (5) Brawn Holdings, LLC.

25.    LAF, Inc. is a corporation incorporated in the State of California with

AMERICAS 112460392

its principal place of business in California.

26.    The Seidler Company, LLC, is a Delaware limited liability company with its principal place of business in California.  The Seidler Company, LLC has three members, all of whom are individuals who are domiciled in the State of California.

27.    Seidler Fitness Holdings II, LP is a Delaware limited partnership with its principal place of business in California.  Seidler Fitness Holdings II, LP has 1 general partner and 100 limited partners.  The general partner of Seidler Fitness Holdings II, LP is The Seidler Company, LLC (see above), a citizen of California. The 100 limited partners of Seidler Fitness Holdings II, LP consist of 97 individuals and 3 entities: (i) Cressey Family Partnership; (ii) Seidler North, LP; and (iii) Pain in the Donkey, LLC.

    a.    The 97 individuals who are limited partners of Seidler Fitness Holdings II, LP are domiciled in, and citizens of, the States of California, Idaho, Massachusetts, New Jersey, and Virginia.

    b.    Cressey Family Partnership consists of individuals who are domiciled in, and citizens of, the State of Illinois.

    c.    Seidler North, LP is a Delaware limited partnership.  The general partner of Seidler North, LP is The Seidler Company, LLC (see above), a citizen of California.  The limited partners of Seidler

North, LP are domiciled in, and citizens of, the State of California.

      d.     Pain in the Donkey LLC is a California limited liability company whose members consist of: (i) 6 individuals who are domiciled in, and citizens of, the State of California; and (ii) The Pain in the Donkey 2018 Irrevocable Trust, a South Dakota business trust whose beneficiaries are domiciled in, and citizens of, the State of California.

28.     SP LAF Buyer LLC is a Delaware limited liability company with its principal place of business in New York.  The sole member of SP LAF Buyer LLC is SP LAF Investors LLC, a Delaware limited liability company.  SP LAF Investors LLC has six members, one of which is domiciled in the State of Delaware and the other five which are domiciled in the Cayman Islands.

29.     Brawn Holdings, LLC is a Delaware limited liability company.  Brawn Holdings, LLC has two members, both of which are Delaware limited partnerships. Each of these limited partnerships have a general partner who is domiciled in the State of Delaware.  One of these limited partnerships has 120 limited partners, the other limited partnership has 99 limited partners.  The limited partners are domiciled in, and citizens of, the following states: Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Illinois, Indiana, Maryland, Massachusetts, Michigan, Minnesota, New Hampshire, New

8

Jersey, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Tennessee, Texas, Utah, Vermont and Virginia.

30.    Thus, the minimal diversity requirement of CAFA is satisfied because "any member of [the] class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A); *see also* 28 U.S.C. § 1332(d)(1)(D) ("the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action").

**The Amount in Controversy Exceeds $5 Million**

31.    As the Supreme Court explained in *Dart Cherokee*, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  135 S. Ct. at 554.  A "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  Indeed, the "law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Id.*  "Any inquiry into whether [Plaintiff] *would* actually recover these amounts is unnecessary and inappropriate.  For the purposes of establishing jurisdiction, it is enough to show that [they] *could*."  *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014) (emphasis in original).  "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in

AMERICAS 112460392

federal court." *Id.* (quoting *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011)).

32.     In determining the amount in controversy, the Court "can look to the notice of removal and other evidence relevant to the amount in controversy at the time the case was removed, including evidence submitted in response to a motion to remand." *Thomas v. Family Dollar Stores of Fla., Inc.*, No. 8:17-cv-583-T-30AEP, 2017 U.S. Dist. LEXIS 65963, at *4 (M.D. Fla. May 1, 2017) (citing *Pretka*, 608 F.3d at 754) (internal quotation marks omitted).

33.     Here, the Amended Complaint alleges claims for monetary damages for Plaintiff and the putative class members that exceed CAFA's $5 million jurisdictional minimum.

34.     The Amended Complaint alleges Plaintiff and the putative nationwide class members "are entitled to an award of $1,500.00 in statutory damages per violation." Am. Compl. ¶ 44.  The Amended Complaint alleges "Defendant sent Plaintiff no less than four (4) text message solicitations after Plaintiff's initial stop request on December 7, 2021" (*id.* ¶ 20) and the "Class members number in the several thousands, if not more." *Id.* ¶ 27.

35.     Accordingly, based on the Amended Complaint's allegations, the amount in controversy in this case substantially exceeds $5 million, exclusive of interest and costs.

AMERICAS 112460392

## CAFA's Exceptions Do Not Apply

36.    The exceptions to removal under 28 U.S.C. section 1332(d) do not apply to this case.

## VENUE

37.    The United States District Court for the Middle District of Florida, Tampa Division, is the federal judicial district and division thereof embracing Sarasota County, Florida, where Plaintiff filed the State Court Action.  Venue is therefore proper under 28 U.S.C. § 89(b).

## RESERVATION OF RIGHTS

38.    As of the date of this Notice of Removal, Defendant has not filed a responsive pleading in the State Court Action.  By removing this action, Defendant does not waive any rights or defenses available under state or federal law. Specifically, Defendant expressly reserves, without limitation, any and all defenses supporting dismissal of the Amended Complaint, any and all rights to compel arbitration, and any and all grounds in opposition to class certification.  Defendant further reserves the right to amend or supplement this Notice of Removal.

39.    No statement in this Notice of Removal should be construed as an admission the Amended Complaint's allegations have merit or are sufficient to state a claim.  Similarly, no statement in this Notice should be deemed an admission of liability or that Plaintiff or any other putative class member has demanded or is

AMERICAS 112460392

entitled to relief.

## **CONCLUSION**

For the foregoing reasons, this action is removed properly to this Court.


Dated:  March 2, 2022                    Respectfully submitted,

                                        WHITE & CASE LLP
                                        Southeast Financial Center
                                        200 S. Biscayne Blvd., Suite 4900
                                        Miami, FL 33131-2352
                                        Telephone: (305) 371-2700
                                        Facsimile: (305) 358-5744


                                         *s/ Sheldon A. Philp*
                                        Sheldon A. Philp
                                        Florida Bar No. 020123
                                        Email: sphilp@whitecase.com

                                        *Counsel for Defendant*
                                        *Fitness International, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 2, 2022, a true and correct copy of the

foregoing was filed with the Clerk of the Court using CM/ECF and was served by

U.S. First Class Mail to the following counsel for Plaintiff:

| | |
|---|---|
| Michael Eisenband | Manuel S. Hiraldo |
| **EISENBAND LAW, P.A.** | **HIRALDO P.A.** |
| 515 E. Las Olas Boulevard | 401 E. Las Olas Boulevard |
| Suite 120 | Suite 1400 |
| Ft. Lauderdale, FL 33301 | Ft. Lauderdale, FL 33301 |
| Telephone: (954) 533-4092 | Telephone: (954) 400-4713 |
| Email: MEisenband@Eisenbandlaw.com | Email: mhiraldo@hiraldolaw.com |

*s/ Sheldon A. Philp*
Sheldon A. Philp

13